**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|            Plaintiff,           ) | |
|                                 ) | CRIMINAL ACTION |
| v.                              ) | |
|                                 ) | No.  11-20009-01-KHV |
| NORMAN EDWARD ELMER,            ) | |
|                                 ) | |
|            Defendant.           ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 2, 2011, the Court sentenced defendant to 24 months in prison. This matter is before the Court on defendant's Notice Of Motion To Dismiss Sentence And Conviction (Doc. #16) filed March 5, 2012. After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Court could construe defendant's present motion as one to vacate, set aside or correct his sentence under Section 2255. In light of the restrictions which Section 2255 imposes on a second or successive motion, however, the Court declines to do so. If defendant desires to file a Section 2255 motion based on the grounds in his motion, or otherwise, he may do so. Defendant should note, however, that absent certain circumstances, a one-year limitation from the date on which the judgment is final applies. Defendant should also note that D. Kan. Rule 9.1 sets forth the procedures for filing a Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Notice Of Motion To Dismiss Sentence And Conviction (Doc. #16) filed March 5, 2012 be and hereby is **OVERRULED**.

Dated this 12th day of April, 2012 at Kansas City, Kansas.

             <u>s/ Kathryn H. Vratil</u>
             KATHRYN H. VRATIL
             United States District Judge